UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MAX L. ISREAL,

    Petitioner,

vs.

MICHAEL EVANS, Warden,

    Respondent.

No. C 09-0650 PJH (PR)

**ORDER TO SHOW CAUSE**

    This is a habeas case filed pro se by a state prisoner. It was stayed to allow petitioner to exhaust new claims in state court. The court reopened the case when petitioner reported that he had completed exhaustion. Leave to file an amended petition was, however, denied because the proposed petition that petitioner included with his motion to reopen contained inconsistent lists of issues and was unmanageable. Petitioner was granted leave to file a third amended petition, which he has done. It now will be reviewed to determine whether an order to show cause should issue.

**DISCUSSION**

**A.    Standard of Review**

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are

available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) he was convicted and sentenced on a charge (vehicle theft) that was not presented at the preliminary hearing, and as to which no magistrate or grand jury had found probable cause to proceed; (2) his counsel was ineffective in not objecting at trial when it became clear he was going to be tried on the charge that had not been presented at the preliminary hearing; (3) he was denied his right to a jury trial on prior offenses on the basis of an invalid waiver in case number CC 440664; (4) the sentence was in excess of the court's jurisdiction; (5) his right to jury trial in case number CC 461637 was violated; (6) his Fourth Amendment rights were violated when sheriff's deputies searched the home in which he was hiding.

As to issue one, there is no clearly-established constitutional right not to be tried except upon probable cause. *See Kompare v. Stein*, 801 F.2d 883, 891 (7th Cir. 1986) (no cases found discussing a right to be tried only upon probable cause; whether or not one exists, it is not clearly established). The California cases cited by petitioner involve only state law and violations of state law are not grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). And to the extent this may be a claim of lack of notice, it is obviated by the facts alleged, which include that the charges were amended before trial to include the vehicle theft count. Given that even the presentation of evidence at trial can suffice to provide notice, this amendment before

trial certainly did. *See Stephens v. Borg*, 59 F.3d 932, 934-36 (9th Cir. 1995) (even though information charged defendant with murder and did not state theory of case was felony murder, defendant had constitutionally adequate notice of felony murder charge from prosecution's production of proposed felony murder instructions during defendant's case-in-chief and presentation of evidence of underlying felony that laid foundation for felony murder instruction). This claim will be dismissed because it does not state facts that point to a 'real possibility of constitutional error.'" *See* Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

Issue six is a Fourth Amendment claim and violations of the Fourth Amendment cannot be grounds for relief in a habeas proceeding. *See Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976) (no federal habeas review of Fourth Amendment claims unless state did not provide opportunity for full and fair litigation of those claims). The claim will be summarily dismissed.

The other claims are sufficient to require a response.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Issues one and six are **DISMISSED**.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  June 16, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\ISREAL0650.osc.wpd